UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

    Case No. 1:20-cr-156-2

DWAYNE DESHAUN PARKS,

    HON. JANE M. BECKERING

    Defendant.
_____/

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Defendant Dwayne Deshaun Parks' pro se Motion for modification or reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2) (Guideline Amendment No. 821) and for appointment of counsel (ECF No. 249, corrected by ECF No. 251). For the following reasons, the Court denies the motion.[1]

On June 10, 2021, Defendant was found guilty at a jury trial of Count One, conspiracy to distribute and possess with intent to distribute 50 grams or more of methamphetamine, in violation of 21 U.S.C. §§ 846 and 841(a)(1), (b)(1)(A)(viii), and Counts Two and Six, possession with intent to distribute 50 grams or more of methamphetamine; aiding and abetting, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A)(viii) and 18 U.S.C. § 2 (Pre-Sentence Report [PSR, ECF No. 165, filed under restricted access] ¶¶ 2–11). Defendant's total offense level was 40, and his criminal history category was IV, leading to a sentencing guidelines range of 360 months' imprisonment to life (*id.*

---

[1] Federal Rule of Criminal Procedure 43 requires that a defendant be present at "sentencing," *see* Rule 43(a)(3), but excludes from that requirement a proceeding that "involves the correction or reduction of sentence under … 18 U.S.C. § 3582(c)," Rule 43(b)(4).

¶¶ 54, 66, 113).  On October 12, 2021, the Hon. Janet T. Neff sentenced Defendant to 240 months' imprisonment as to each of Counts One, Two, and Six, all counts to be served concurrently, and to be followed by 5 years' supervised release as to each of Counts One, Two, and Six, all counts to run concurrently (Minutes, ECF No. 181; Judgment of Sentence, ECF No. 182).  In October 2024, Defendant filed the instant motion.  On October 16, 2024, this case was reassigned to the undersigned (ECF No. 248).

In August 2023, the United States Sentencing Commission submitted to Congress proposed changes to the federal sentencing guidelines, including Amendment 821, which would have retroactive effect.  On November 1, 2023, when Congress failed to modify or reject Amendment 821, it became effective.  Part A of Amendment 821 limits the criminal history impact of "Status Points" in Sentencing Guidelines § 4A.  United States Sentencing Guideline (U.S.S.G.) § 4A1.1.  Part B of Amendment 821 permits a two-level reduction for defendants without any criminal history points from § 4A and an instant offense without specified aggravating factors.  U.S.S.G. § 4C1.1.

Defendant seeks retroactive application of Amendment 821 to the Judgment of Sentence based on his having received status points under § 4A1.1(d).  Pursuant to the Court's October 28, 2024 Order (ECF No. 253), the Probation Office prepared a Report of Eligibility indicating that even with the elimination of status points, Defendant's advisory guideline range would remain 360 months to life (ECF No. 254).  Thereafter, Defendant filed a concurrence, acknowledging that his guideline range would not change (ECF No. 257 at PageID.3959).  Nevertheless, Defendant seemingly requests that his PSR be amended to reflect the lower criminal history points and criminal history category due to Amendment 821, as he contends that doing so could potentially make him eligible for a wider range of Bureau of Prisons' programs.

2

If a guideline amendment retroactively alters sentencing calculations, the United States Probation Office may prepare an amended PSR and the Court may modify a term of imprisonment (*see* 18 U.S.C. § 3582(c)(2)). If the amendment has no effect on the sentence, there is generally no right to an updated PSR. Through this Memorandum Opinion and Order, however, the Court verifies that, pursuant to Amendment 821, Defendant's criminal history score is reduced from 8 to 6 points. In addition, his criminal history category is reduced from IV to III. Other than these findings, the Court denies the motion. Accordingly:

**IT IS HEREBY ORDERED** that Defendant's pro se motion for modification or reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2) (Guideline Amendment No. 821) and for appointment of counsel (ECF No. 249, corrected by ECF No. 251) is DENIED.

**IT IS FURTHER ORDERED** that the Court finds Defendant's criminal history score to be 6 points and his criminal history category to be III.


Dated: April 22, 2025                                    /s/ Jane M. Beckering
                                                          JANE M. BECKERING
                                                          United States District Judge